Filed 10/30/13  P. v. Evans CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HAROLD EVANS,<br><br>    Defendant and Appellant. | D063828<br><br><br><br>(Super. Ct. No. SCN311876) |

APPEAL from a judgment of the Superior Court of San Diego County, K. Michael Kirkman and Timothy M. Casserly, Judges.  Affirmed.

Appellant Defenders, Inc. and David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Harold Evans entered into a plea agreement, under the terms of which he pleaded guilty to one count of criminal threats (Pen. Code,[1] § 422) and admitted a "strike" prior conviction (§ 667, subds. (b)-(i)).  Under the agreement the parties stipulated Evans

---

1    All further statutory references are to the Penal Code unless otherwise specified.

would serve a four-year prison sentence and that the remaining counts and allegations would be dismissed.[2]  Evans was sentenced to a four-year term consistent with the plea agreement.

Evans filed a timely notice of appeal but did not obtain a certificate of probable cause (§ 1237.5).

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable issues.  We offered Evans the opportunity to file his own brief on appeal, but he has not responded.

### STATEMENT OF FACTS

The factual basis for the guilty plea was taken from the transcript of the preliminary hearing.  The complaining witness testified that she and Evans were in front of a 7-Eleven store when he made a criminal threat after she had asked him to get out of the car.

### DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436.  Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies possible, but not arguable issues:

1.  Was Evans properly advised of his rights and the consequences of his plea?

---

[2]    Prior to the entry of his guilty plea, Evans made a motion under *People v. Marsden* (1970) 2 Cal.3d 118.  The court held a hearing and denied the motion.

2. Is there a factual basis for the plea?

3. Did Evans receive the agreed upon sentence?

4. Did the court correctly impose the fees and fines selected at sentencing?

5. Did the court properly deny the *Marsden* motion? If so, is such denial appealable in the absence of a certificate of probable cause?

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not found any reasonably arguable appellate issues. Competent counsel has represented Evans on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.